UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELLA SULLIVAN,

        Plaintiff,

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.
                                    /

Case No. 4:04-cv-14

Hon. Robert Holmes Bell

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act (EAJA) (docket no. 22). For the reasons stated below, the undersigned recommends that plaintiff's motion be denied.

**I.    Background**

Plaintiff filed a complaint seeking judicial review of a final decision of defendant's denial of her May 15, 2001 application for disability insurance benefits (DIB). Plaintiff alleged that she became disabled on July 17, 1998. Administrative Law Judge (ALJ) Douglas W. Johnson denied plaintiff's claim in a decision dated September 25, 2003 (AR 13-22).[1] Plaintiff requested that the Appeals Council review new medial evidence and sent the Council copies of records from Kalamazoo Neurology, which indicated that plaintiff was diagnosed with or treated for multiple sclerosis (MS) on September 26, 2003 (AR 3-8, 295-96). The Appeals Council denied plaintiff's request to review the ALJ's decision on November 26, 2003 (AR 4-7).

---

[1] Citations to the administrative record will be referenced as (AR "page #").

Plaintiff filed his appeal in this court on January 30, 2004. After reviewing the parties' briefs and the administrative record, the undersigned rejected plaintiff's arguments (1) that ALJ Johnson erred in determining her residual functional capacity, (2) that ALJ Johnson erroneously relied on an incomplete hypothetical question posed to the vocational expert, and (3) that the Appeals Council failed to fully develop the record. Report and Recommendation (R&R) at 7-9. I agreed with plaintiff's request to remand the matter for consideration of new and material evidence and recommended that this matter be remanded pursuant to sentence six of 42 U.S.C. § 405(g) to permit the agency to review new evidence and to re-evaluate plaintiff's claim in light of her diagnosis for MS. *Id.* at 9-13. On February 14, 2005, the district judge adopted the R&R and remanded the case to the agency to "review the new evidence and re-evaluate plaintiff's claim in light of her diagnosis of MS consistent with this opinion." Order (2/14/05).

While plaintiff was awaiting a decision from the court, she protectively filed additional applications for DIB and supplemental security benefits (SSI) on April 28, 2004. Decision on Remand (12/27/05) at 1 (docket no. 18). The agency denied her applications. *Id.* On December 9, 2005, ALJ Johnson held a hearing on the 2001 application (on remand) and the 2004 applications. *Id.* In his December 27, 2005 decision, ALJ Johnson found plaintiff disabled as of March 27, 2001. *Id.*

On May 11, 2006, defendant filed a "Notice of award of benefits and prevailing party status" advising the court that plaintiff "received a fully favorable administrative decision" and that plaintiff "is thereby the prevailing party in this matter, and final judgment should be issued in her favor." On May 31, 2006, the court entered final judgment in plaintiff's favor and found that she was the prevailing party in this matter. On August 28, 2006, plaintiff filed the present motion

2

seeking attorney fees pursuant to the EAJA in the amount of $10,945.79.

## II. Legal standard

The Equal Access to Justice Act ("EAJA") provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

Eligibility for an EAJA fee award in a civil action requires:

> (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).

Defendant objects to plaintiff's fee application on the ground that the government's position was substantially justified. Under the EAJA, the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). The government bears the burden under the EAJA to prove that its position was substantially justified. *United States v. True*, 250 F.3d 410, 419 n. 7 (6th Cir. 2001). The government's position is substantially justified

> if it is justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person . . . [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (citations and quotations omitted).

### III.    Discussion

The court issued a pre-judgment remand pursuant to sentence six of § 405(g) for consideration of new and material evidence that for good cause was not previously presented to the Commissioner. In issuing this sentence six remand, the court did not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). However, plaintiff became a prevailing party when she was awarded benefits on remand. *See Marshall v. Commissioner of Social Security*, 444 F.3d 837, 842 (6th Cir. 2006) ("[a]lthough a sentence six remand, by itself, is not a sufficient basis for a litigant to claim 'prevailing party' status . . . the result of subsequent administrative proceedings is sufficient to confer prevailing party status upon that same litigant"). This court issued a final judgment in her favor on May 31, 2006.

Although plaintiff was a prevailing Social Security claimant, EAJA fees are not available to her unless the Commissioner's position lacked "a reasonable basis in law and fact." *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006). *See, e.g.*, *Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir. 1992) (although the court remanded ALJ's decision because the ALJ failed to articulate a more complete assessment of the relevant evidence regarding the claimant's disability onset date, such a remand "in no way necessitates a finding that the Secretary's position was not substantially justified"). In determining whether the government's position was substantially justified, the court should not be "overly influenced" by the award of benefits on remand. As the court observed in *Bady v. Sullivan*, 787 F. Supp. 809 (N.D. Ill. 1992):

> Whether the government's initial position denying [the claimant's] SSI claim was substantially justified is a different question from whether or not she actually was entitled to the benefits. This court should not be overly influenced by the knowledge gained from 20/20 hindsight that the [Commissioner] on remand reversed its position and subsequently found her eligible.

*Bady*, 787 F. Supp. at 814.

In his original decision, the ALJ found that plaintiff suffered from degenerative disc disease of the cervical and lumbar spine, a depressive disorder (not otherwise specified) and a generalized anxiety disorder, a combination of impairments considered "severe" under the regulations (AR 21). The ALJ denied plaintiff's claim, in part because plaintiff lacked objective medical evidence to substantiate her alleged disabling condition (AR 17). On remand, the ALJ concluded that plaintiff suffered from severe impairments of degenerative disc disease of the cervical and lumbar spine, MS, a depressive disorder (not otherwise specified), a generalized anxiety disorder, and migraine headaches. Decision on Remand at 5. The ALJ noted that plaintiff's symptoms were documented as early as March 27, 2001. *Id.* at 3. The ALJ also relied on the new evidence regarding plaintiff's recent diagnosis of MS, stating in pertinent part:

> Thomas C. Dunne, M.D., the treating neurologist, has substantiated that the claimant has demyelinating plaques in her spinal cord. The doctor has stated that the claimant's symptoms of incontinence of stool and urine and numbness of her hands and feet are most likely related to her multiple sclerosis. The doctor has offered the opinion that the claimant additionally labors under significant psychological burdens and has severe migraine headaches. The neurologist has assessed that the claimant is dysfunctional on several bases because of her multiple sclerosis symptoms, her terrible headaches, and her significant psychological difficulties (Exhibit 28F).
>
> The claimant's description of her limitations is consistent with the record when the record is considered in its entirety. The claimant's allegations are, therefore, found to be credible.

*Id.* After reviewing the new evidence regarding plaintiff's diagnosis of MS and linking her symptoms to the MS, the ALJ concluded plaintiff was under a disability as defined in the Social

Security Act since March 27, 2001. *Id.* at 6.

Based on this record, the government's position was substantially justified, having a reasonable basis in law and fact. This court did not reverse ALJ Johnson's original decision or find any fault in the ALJ's reasoning. Rather, the court remanded the matter to enable the Commissioner to review new evidence of plaintiff's diagnosis and treatment for MS. Once ALJ Johnson reviewed this new evidence, he reversed his original decision, found plaintiff disabled and awarded her benefits. The court can find no fault with the government's position prior to the remand. While plaintiff's status as a prevailing party may tempt the court to find that the government's position was not substantially justified, "[t]his court should not be overly influenced by the knowledge gained from 20/20 hindsight that the [Commissioner] on remand reversed its position and subsequently found her eligible." *Bady*, 787 F. Supp. at 814.

In addition, plaintiff contends that the government's position was not substantially justified because the Appeals Council failed to consider the new evidence of MS. Plaintiff presents no authority to support her contention that the Appeals Council's denial of review constitutes the "position of the United States" for purposes of the EAJA.

As an initial matter, this court has no jurisdiction to review the Appeals Council's action. "Only final decisions of the [Commissioner] are subject to judicial review under [42 U.S.C.] § 405(g)." *Willis v. Secretary of Health and Human Servs.*, No. 93-6337, 1995 WL 31591 at * 2 (6th Cir. 1995), *citing Califano v. Saunders*, 430 U.S. 99, 108 (1977). When the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Commissioner. *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Although a claimant may submit new material evidence for consideration by the Appeals Council, the court reviews the

ALJ's decision, not the Appeals Council's denial of review. *Id.*

Finally, the EAJA applies only to "<u>the action or failure to act</u> by the agency <u>upon which the civil action is based</u>." 28 U.S.C. § 2412(d)(2)(D) (emphasis added). This civil action is based upon the ALJ's September 25, 2003 decision denying benefits. Plaintiff appealed the ALJ's decision, not the Appeals Council's denial of her request to perform an administrative review of the ALJ's decision. Accordingly, the Appeals Council's conduct is not part of the government's "position" within the meaning of the EAJA.[2]

### III.   Recommendation

I respectfully recommend that plaintiff's motion for EAJA fees (docket no.22) be **DENIED**.

Entered:   February 6, 2007            /s/ Hugh W. Brenneman, Jr.
                                       Hugh W. Brenneman, Jr.
                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[2] The undersigned is aware of the decision in *Cummings v. Sullivan*, 950 F.2d 492, 496-97 (7th Cir. 1991), which held that the Appeals Council's determination "is part of the agency's prelitigation conduct, and must be examined in determining the singular 'position' of the United States" in EAJA proceedings. The *Cummings* decision is based upon the legal conclusion that "the Appeals Council's decision is the 'final decision of the Secretary.'" *Cummings*, 950 F.2d at 496. As discussed above, the Sixth Circuit disagrees with this conclusion. In this Circuit, the ALJ's decision is the Commissioner's "final decision" when the Appeals Council denies a request for review. *See Casey*, 987 F.2d at 1233. Accordingly, I find *Cummings* is not persuasive authority on this issue.